East'n. District.
*June*, 1826.

ASTOR
*vs.*
SYNDICS OF
SAUL & AL.

If a credi-
tor claim to be
paid by prefe-
rence on the in-
solvent's bank
stock, pledged to
him, his claim
must be settled
contradictorily,
with all the
other creditors,
after the tableau
is made.

*ASTOR* vs. *SYNDICS OF SAUL & AL.*

APPEAL from the court of the first district.

PORTER, J., delivered the opinion of the court. The petition appears to have been filed in this case after the parties defendant had become insolvent, and before syndics were appointed. The plaintiff alleges that he lent to the defendants $64,000, on a pledge of stock of the Bank of Orleans, to the same amount, and the certificates for the same were delivered into his possession. He avers that he has reason to believe that other creditors will obtain judgments against the pawnors, and have the stock disposed of to his prejudice. He therefore prays for a sequestration of the property, that his rights, liens, and claims on it may be declared valid; and further, that it may be decreed to be his property, and sold or otherwise disposed of as the law directs, for the payment and satisfaction of his debt.

A supplemental petition, subsequently filed, made the syndics parties, and they appeared and pleaded the general issue and the nullity

of the privilege set up, in consequence of the neglect to record it.

East'n. District,
*June*, 1826.

ASTOR
*vs.*
SYNDICS OF
SAUL & AL.

The case was tried on its merits in the court below, and argued here on the same grounds.

We are of opinion that the cause is not before us in such a shape, and at such a time, as that final judgment can be given on it.

It is too clear to admit of argument, that the pledge set up by the plaintiff, supposing it clothed with all necessary forms, did not transfer the property; it still remained in the insolvents, and only conferred a right to be paid in preference to other creditors.

It follows then, that this property must pass into the hands of the syndics, be sold by them, and the proceeds enter into the general mass; and that out of these proceeds the plaintiff will be paid, according to the rank and order of his privilege.

What that rank and order may be can only be settled contradictorily with the other cretors, on the syndics filing their tableau of distribution. A judgment rendered now would not form *res judicata* on the matter put at issue. In every *concurso*, all the creditors are at once plaintiffs and defendants, and

East'n. District.
June, 1826.

Astor
vs.
Syndics of
Saul & al.
most especially so to dispute the preference which one may claim over another. The syndics cannot, either by their admissions nor by a judgment in a suit carried on against them, conclude the creditors as to a preference claimed, for each has a right to contest it individually, after the tableau is filed. To sanction the course of proceeding resorted to, would be introducing a practice which would lead to great confusion, and most unnecessary expense. Instead of the claims of all the creditors to privileges being settled in one judgment, we should have as many separate suits as there were creditors. If legal, these suits could have no useful object, because the relative rank of each can only be ascertained after hearing all, and that can not be done before an opportunity is given to all to present their claims. As these reasons would not be so strong if judgment was pronounced against the plaintiff, it may perhaps be supposed that this opinion implies that he must recover; but we desire to guard against such inference, by stating, that the conclusions to which we have arrived, are drawn from reasons applicable to all cases so circumstanced; and that it is to be understood

that nothing is decided in relation to the merits of that now before the court.

In whatever point of view, therefore, the subject can be considered, the judgment of the court below was erroneous: the cause ought to have been cumulated with the other proceedings in *concurso.*

It is therefore ordered, adjudged, and decreed that the judgment of the district court be annulled, avoided, and reversed, and that this cause be remanded to the district court, to be proceeded in according to law, the appellees paying the costs of this appeal.

*Grymes* for the plaintiff, *Eustis* for the defendants.